Paul Orlando Scott Jr
1225 West 36th Street APT 102
Los Angeles, CA 90007
213.265.4515
Email: paul.scott510@yahoo.com
PLAINTIFF IN PRO PER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Paul Orlando Scott Jr, | Case No.: 2:24-CV-8369-MCS-AGRX |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TERMINATE ARBITRATION ORDER AND TO LIFT STAY PURSUANT TO CAL.CIV.CODE. § 1550** |
| vs. | |
| Trophy Universal City Group, LLC dba Universal City Nissan, et al., | |
| Defendants. | **Hearing Date:  January 12, 2026**<br>**Hearing Time: 9:00 a.m.**<br>**Judge: Mark C. Scarsi**<br>**Courtroom:   7C** |

**I.    INTRODUCTION**

Plaintiff In Pro Per, Paul Orlando Scott Jr ("Plaintiff") hereby submits this motion to respectfully move this Court to terminate the order to compel arbitration and to lift the stay so that this case may proceed in the United States District Court of Central California. The sales contract containing the arbitration agreement

("Contract") allegedly formed between Plaintiff and Trophy Universal City Group, LLC d/b/a Universal City Nissan ("Trophy") is unenforceable, thus rendering the arbitration agreement contained therein unenforceable because no contract was formed between the parties as a result of missing an essential element necessary to the formation of a contract under the laws of California. A true and correct copy of the Contract is annexed as Exhibit 1.

As a result of the contract and arbitration agreement contained therein missing an essential element necessary to the contract's formation, there are no legal duties to delegate under the delegation clause or an arbitration agreement to enforce because no contract was legally formed between the parties. Furthermore, the payment extension agreement and the arbitration agreement contained therein, which was allegedly formed between Plaintiff and Santander Consumer USA Inc., ("Santander") on December 10, 2021, is also unenforceable because it relies upon the formation of the Contract for its enforceability. A true and correct copy of the payment extension agreement containing the arbitration agreement is annexed as Exhibit 2.

## II.    PROCEDURAL BACKGROUND

On September 16, 2020, Plaintiff allegedly entered into a consumer credit transaction with Trophy to finance a vehicle for personal, family and household purposes. In accordance with the terms of the agreement, Plaintiff agreed to two (2)

-2-

distinct objects: (1) to give Trophy a security interest in the vehicle of the consumer obligation based upon the disclosure of the Annual Percentage Rate ("APR") (23.10%) and; based upon (2) the disclosure of the finance charge ($37,273.68). On the same date the consumer credit transaction was allegedly entered into by Plaintiff and Trophy, Plaintiff was also informed that Santander voluntarily accepted the duties and responsibilities as the assignee of the consumer obligation.

On September 27, 2024, Plaintiff filed a civil complaint against Trophy, Santander, Benchmark Asset Resolution, Inc., ("Benchmark") and Del Mar Recovery Solutions, LLC d/b/a Resolvion ("Resolvion") to pursue declaratory relief, injunctive relief and statutory damages. A First Amended Complaint ("FAC") was filed on October 8, 2024, followed by the filing of a Second Amended Complaint ("SAC") on January 2, 2025. On May 20, 2025, the parties were compelled to arbitration in accordance with the delegation clause contained within both arbitration agreements, contained in: (1) the Contract; and (2) the payment extension agreement, to appoint an arbitrator to decide upon threshold questions of arbitrability.

On June 19, 2025, Plaintiff filed a consumer demand for arbitration with the American Arbitration Association ("AAA"), (Case number: 01-25-0002-9436) in compliance with the court order to compel the parties to arbitration. Four (4) administratively proposed neutrals have been disqualified based on the disclosure

statement pursuant to California Arbitration Law (California Code of Civil Procedure section 1281.91(b)(1)) as of December 2, 2025. Moreover, Plaintiff has documented and shared his concerns through the filing of disqualification notices and one (1) administrative request to the AAA in regard to its willful failure and willful refusal to comply with Principle 4 of its own Consumer Due Process Protocol Statement of Principles ("Due Process Protocol"), solely for the purpose of ensuring a fair and impartial process by providing: (1) competent and qualified neutrals; (2) that possess the required subject matter expertise to make an unbiased determination as to the threshold questions of arbitrability; (3) without undue influence by the "repeat player effect" and "industry bias" in favor of financial institutions with superior bargaining power. As of December 4, 2025, no neutral has been appointed due to Plaintiff enforcing his rights under the laws of California to protect and preserve his right to a fair and impartial process as a result of the AAA's failure to do so.

## III.    LEGAL ARGUMENT

Trophy by its own admission has stated in their First Amended Answer ("Answer") to Plaintiffs operative SAC that "Plaintiff entered into a consumer credit transaction" with Trophy". (Answer. ¶¶ 22-25) (see SAC. ¶¶ 22-25). In accordance with Trophy's own admission, they are subject to comply with the initial disclosure requirements imposed under the Truth In Lending Act of 1968 ("TILA") by The

Congress. Additionally, Trophy is subject to implementation of TILA under Regulation Z ("Reg. Z") and the interpretation TILA as evinced under the Official Staff Commentary, both of which were created and implemented by the Board of Governors of the Federal Reserve System ("Board"). Under Reg. Z, consummation is determined under the state contract formation laws within the state it originated.

The question now before the court is whether the two (2) distinct objects of the contract are lawful or unlawful. The answer to this question will determine if the Contract contains all four (4) of the essential elements necessary to the formation of any contract under the laws of California. Additionally, this contract formation challenge will aid in the Courts determination as to whether any contract was legally formed between the parties and if the arbitration agreement contained within the Contract is in fact valid and enforceable in the first instance.

## A.    The Court Decides When Contract Formation Is At Issue

"The Federal Arbitration Act of 1925 ("FAA"), 9 U.S.C. § 1 *et seq.,* requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement. *Id*. § 3. The FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the dispute at issue. *Nguyen v. Barnes & Noble Inc.,* 763 F.3d 1171, 1175 (9th Cir. 2014) (citing *Chiron Corp. v. Ortho Diagnostics Sys.,* 207 F.3d 1126, 1130 (9th Cir. 2000)

"In determining whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Nguyen,* 763 F.3d at 1175 (quoting *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995); and "where the dispute at issue concerns contract formation, the dispute is generally for the courts to decide." *Granite Rock Co. v. Int'l Bhd. Of Teamsters,* 561 U.S. 287, 296, 130 S. Ct. 2847, 177 L. Ed. 2d 567 (2010). The party seeking to compel arbitration "must prove the existence of a valid agreement by a preponderance of the evidence." *Wilson v. Huuuge, Inc.,* 944 F.3d 1212, 1219 (9th Cir. 2019) (citing *Norcia v. Samsung Telecomms. Am., LLC,* 845 F.3d 1279, 1283 (9th Cir. 2017)).

**B.    Contract Formation Is Determined Under State Law**

"Under the law of California, as in most jurisdictions, no loan contract is formed if an essential element is missing." *Grimes v. New Century Mortg. Corp.,* 340 F.3d 1007, 1010 (9th Cir. 2003) (citing *Jackson v. Grant,* 890 F.2d 118, 120 (9th Cir. 1989)). "[U]nder Reg. Z consummation cannot occur until the borrower becomes 'contractually obligated,' and under state law, the borrower is not contractually obligated before a contract between the two parties is formed. Reg. Z does not purport to substitute 'consummation' for 'formation of a contract.'" *Id.* 340 F.3d at 1010.

Courts within the Ninth Circuit hold that, "[u]nder California law, a contract exists if: (1) parties capable of contracting; (2) consent; (3) as to a lawful object; with (4) sufficient cause or consideration. *See* Cal. Civ. Code § 1550." *Jackson v. Kavanaugh,* No. 2:25-cv-03623-HDV-RAO, 2025 LX 430739 at *9 (C. D. Cal. Aug. 26, 2025); *Hall-Johnson v. Citibank N.A.,* No. 23-cv-05378-JST, 2024 LX 93250 at *8 (N.D. Cal. Mar. 11, 2024); *Ramsey v. Vista Mortgage Corp. (In re Ramsey),* 176 B.R. 183, 187 (B.A.P. 9th Cir. 1994); *Jackson v. Grant,* 890 F.2d at 120. Here, only the missing essential element of a lawful object is at issue.

## C.    Inaccurate Disclosures Are Determined To Be Unlawful Under State Law And Under Regulation Z

"In any analysis of an issue under the Act, the court must take into account not only the plain language of the statute, but also how that language has been interpreted in Regulation Z and the Official Commentary." *In re Ramsey,* 176 B.R. at 186 (citing *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 565, 63 L. Ed. 2d 22, 100 S. Ct. 790 (1980). "In discerning California law, we are bound by the decisions of the California Supreme Court, 'including reasoned dicta.'" *Norcia v. Samsung Telecomms. Am., LLC,* 845 F.3d at 1284 (citing *Muniz v. United Parcel Serv.,* 738 F.3d 214, 219 (9th Cir. 2013)). "We generally "will follow a published intermediate state court decision regarding California law unless we are convinced that the California Supreme Court would reject it." *Id.* at 1284.

"The core disclosures required by Regulation Z are the finance charge and the annual percentage rate (APR) of the transaction." *Raceway Ford Cases,* 2 Cal. 5th 161, 169, 211 Cal. Rptr. 3d 244, 385 P.3d 397 (2016). *See* 12 C.F.R. §§ 226.18(d); 226.18(e). "The finance charge is the 'cost of consumer credit as a dollar amount. It includes any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or a condition to the extension of credit." *Id.* at 166. "The APR is 'a measure of the cost of credit, expressed as a yearly rate, that relates the amount and timing of value received by the consumer to the amount and timing of payments made." *Id.* (See 12 C.F.R. § 226.22(a)(1).

"Regulation Z allows for a small margin of error with respect to calculation of the APR. A disclosed APR is 'considered accurate' under Regulation Z if it is not more than 1/8 of one percentage point above or below the rate determined utilizing the authorized methods." *Id. at* 169. "Section 226.22(a) of Regulation Z provides that the annual percentage rate for other than open end credit transactions *shall* be determined in accordance with either the actuarial method or the United States Method Rule." *Nelson v. Pearson Ford Co.,* 186 Cal. App. 4th 983, 1001, 112 Cal. Rptr. 3d 607 (2010) (italics added). *See* 12 C.F.R. § 226.22(a).

In accordance with the TILA as imposed by The Congress, "the disclosure of the finance charge and other disclosures affected by any finance charge shall be treated as being accurate for purposes of this section if the amount disclosed as the

finance charge does not vary from the actual finance charge by more than $35[.] 15 U.S.C. § 1635(i)(2)" *Causey v. Sun West Mortg. Co.,* No. EDCV 15-2399-JGB (SPx), 2017 U.S. Dist. LEXIS 47059, at *39 (C.D. Cal. Mar. 29, 2017). For the purpose of plainly stating the purpose of the TILA being a consumer protection Act, The Congress unmistakably evinces that, "[t]his subsection shall apply to all consumer credit transactions in existence or consummated on or after September 30, 1995." 15 U.S.C. § 1635(i)(4). *See, e.g. Koons Buick Pontiac GMC, Inc. v. Nigh,* 543 U.S. 50, 60-64, 125 S. Ct. 460, 160 L. Ed. 2d 389 (2004).

In consideration of § 1635(i)(4), the plain statement rule must be applied to extinguish any subterfuge that would cloud the ability to interpret the plain language of "*all consumer credit transactions in existence*" to mean anything else but what the statutory construction of what the TILA plainly states; and, irrespective of whether the security interest is retained by, or acquired in, a principal dwelling, personal property that is not a principle dwelling, and/ or monies for personal family and household purposes. "TILA focuses on disclosure and does *not* serve as an umbrella statute for consumer protection in real estate transactions. Rather, TILA is designed to foster the informed use of credit by assur[ing] a meaningful disclosure of credit terms" *Hauk v. JP Morgan Chase Bank United States,* 552 F.3d 1114, 1120 (9th Cir. 2009) (quotations omitted) (italics added).

Furthermore, the tolerance provision of Regulation Z echoes the TILA by further clarifying that, "'[t]he finance charge and other disclosures affected by the finance charge,' including the amount financed, 'shall be considered accurate … if the disclosed finance charge' is understated by no more than $35, or is greater than the amount that must be disclosed. 12 C.F.R. §§ 226.23(h)(2)(i); 1026.23(h)(2)(i)" *Id.* at 40.

**D.** **The Contract Containing The Arbitration Agreement Is Not Consummated Under Regulation Z Because It Was Not Legally Formed Under Cal. Civ. Code § 1550 Due To Missing The Essential Element Of A Lawful Object**

The Defendants to this case may attempt to assert that a vehicle sale is "completed and consummated when the purchaser of the vehicle has paid the purchase price, or, in lieu thereof, has signed a purchase contract or security agreement, and has taken physical possession or delivery of the vehicle." (See VEH § 5901(d)); "[b]ut this provision of the Vehicle Code concerns the consummation of a *sale* rather than the consummation of a 'particular credit arrangement' and thus is irrelevant for the purposes of Regulation Z. (consummation 'does not occur when the consumer becomes contractually committed to a sale transaction, unless the consumer also becomes legally obligated to accept a particular credit

-10-

arrangement.')" *Raceway Ford Cases*, 2 Cal. 5th at 171. (citing Official staff interpretations, 12 C.F.R. § 226, supp. I, subpt. A(2)(a)(13)(2)) (italics added).

The Contract, allegedly executed between Trophy and Plaintiff, was not legally formed under Cal.Civ.Code § 1550 because it lacks the essential element of "a lawful object." Plaintiff agreed to two (2) distinct objects: (1) to give Trophy a security interest in the vehicle of the consumer obligation based upon the disclosure of the Annual Percentage Rate ("APR") (23.10%) and; based upon (2) the disclosure of the finance charge ($37,273.68). The APR (23.10%) as disclosed was inaccurate, and therefore unlawful under TILA and Reg. Z because: (1) it varied from the actual APR (31.23337094039%) applied to the unpaid balance of the amount financed by eight-point-one (8.1) percentage points; and (2) Trophy failed to disclose the actual APR in accordance with the initial disclosure requirements imposed under TILA and Reg. Z. *See* 12 C.F.R. §§ 226.18(e); 226.22(a); 15 U.S.C. §§ 1606(a)(1)(A); 1606(c)

Additionally, the finance charge as disclosed on the disclosure statement ($37,273.68) is also inaccurate, and therefore unlawful because: (1) it was over stated by nine thousand seven hundred six dollars and thirty-one cents ($9,706.31); (2) it varied from the actual finance charge ($27,567.37) by more than $35; and (3) Trophy failed to disclose the actual finance charge in accordance with the initial disclosure requirements imposed under TILA and Reg. Z. In accordance with the TILA as imposed by The Congress, "the disclosure of the finance charge and other

-11-

disclosures affected by any finance charge shall be treated as being accurate for purposes of this section if the amount disclosed as the finance charge does not vary from the actual finance charge by more than $35[.] 15 U.S.C. § 1635(i)(2)" *Causey v. Sun West Mortg. Co.,* No. EDCV 15-2399-JGB (SPx), 2017 U.S. Dist. LEXIS 47059, at *39 (C.D. Cal. Mar. 29, 2017).

Plaintiff discovered the actual APR (31.23337094039%) by using the authorized methods of calculation imposed under TILA and Reg. Z. If the APR (23.10%) as disclosed on the disclosure statement was applied to the unpaid balance of the amount financed, and was in fact accurate and lawful in accordance with the authorized methods of calculating the APR, the actual finance charge would have been twenty-seven thousand five hundred seventy-six dollars and thirty-seven cents ($27,576.37). Upon Plaintiff's accurate calculation of the actual APR (31.23337094039%) using the method of calculation authorized under TILA and Reg. Z, Plaintiff discovered that when he applied the actual APR to the unpaid balance of the amount financed, the calculation method yielded the accurate sum total of the actual "Finance Charge" ($37,273.68), which was inaccurately disclosed as the "Total of Payments" on the disclosure statement of the Contract. *See* 15 U.S.C. § 1605(a); 12 C.F.R. § 226.4(a).

**IV.    CONCLUSION**

In consideration of all aforementioned facts, arguments and binding precedent which control this case, it is indisputably clear that the essential element of a lawful object is missing. No contract is formed under California law if it is missing an essential element necessary to the formation of any contract. See *Jackson v. Grant,* 890 F.2d at 120. Reg. Z relies upon state law in its determination of when two parties are contractually obligated, and because the essential element of a lawful object is missing, no contract was formed under the laws of California, therefore, the consumer credit transaction between Trophy and Plaintiff was not consummated under Reg. Z. See *Grimes v. New Century Mortg. Corp.,* 340 F.3d at 1010.

Notably, if no contract is formed between the parties in accordance with state contract formation laws, there is no valid arbitration agreement to enforce, and therefore there are no issues to arbitrate. See *Nguyen v. Barnes & Noble Inc.,* 763 F.3d at 1175; *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. at 288-289. Trophy is bound to comply with TILA because they are a creditor as defined under the statute, and that is: (1) a person that regularly extends consumer credit which is payable by agreement in more than four (4) installments through the imposition of a finance charge; and (2) whom the debt arising from the consumer credit transaction is initially payable on the face of the indebtedness[.] *See* 15 U.S.C. §§ 1602(e); 1602(g).

-13-

As the assignee of the Contract, Defendant Santander seeks to enforce the arbitration agreement contained within the Contract, in addition to the arbitration agreement contained in the payment extension agreement allegedly executed between Santander and Plaintiff on December 10, 2021. The arbitration agreement contained within the payment extension agreement, in kind to the Contract, is not enforceable because it relies upon the formation of the Contract allegedly executed between Trophy and Plaintiff for its enforcement.

"A contract is unenforceable if it is: '(1) contrary to an express provision of law; contrary to the policy of express law, though not expressly prohibited; or (3) otherwise contrary to good morals.' Cal.Civ.Code § 1667" *Follmer v. Mutaguchi,* No. 23-55644, 2024 U.S. App. LEXIS 23807 at *3 (9th Cir. Sep. 19, 2024). "No court will lend its aid to give effect to a contract which is illegal, whether it violate the common or statute law, either expressly or by implication." *Id. at *3 (*citing *Potvin v. Metro. Life Ins.Co.,* 22 Cal. 4th 1060, 1073, 95 Cal. Rptr 2d 496, 997 P.2d 1153 (2000).

The main emphasis in this matter is not particularly about whether the contract is unlawful or illegal, but that the two (2) distinct objects are unlawful because the APR and finance charge were not disclosed as required under the TILA and Reg. Z, as imposed by the Board and The Congress. Therefore, the disclosures of the APR and finance charge are violations of law because they violate the TILA and Reg. Z,

and thus the Contract allegedly formed between Trophy and Plaintiff is missing the essential element of a lawful object which is necessary to the formation of the Contract under the laws of California.

Plaintiff respectfully requests that this honorable court exercise its inherent powers to hear this contract formation challenge, and to terminate the order to compel arbitration and to lift the stay so that this case may proceed in the United States District Court of the Central District of California.

DATED: December 5, 2025

/s/ *Paul Orlando Scott Jr*
Paul Orlando Scott Jr
Plaintiff In Pro Per

-15-

The undersigned, counsel of record for Plaintiff In Pro Per, Paul Orlando Scott Jr, certifies that this brief contains 3,418 words, which: _x_ complies with the word limit of L.R. 11-6.1. __ complies with the word limit set by court order dated

DATED: December 5, 2025

/s/ Paul Orlando Scott Jr
Paul Orlando Scott Jr
Plaintiff In Pro Per

-16-